## HUTTER *v.* INGHAM COUNTY.

### CASE *v.* BENZIE COUNTY.

1. STATUTES—CONSTRUCTION—INTENT OF LEGISLATURE.

   The intent of the legislature, if it can be ascertained from the language of an act, must control in the construction of a statute, and legislative history may be considered.

2. SAME—CONSTRUCTION—AMENDMENT.

   An amendatory act is to be construed in context with the act which it is designed to amend.

3. COUNTIES—COUNTY CLERK—BOARD OF SUPERVISORS.

   The county clerk is the clerk of the board of supervisors by virtue of his office (CL 1948, § 46.4).

4. STATUTES—CONSTRUCTION—AMENDMENT—JUSTICES OF THE PEACE —CERTIFICATE OF CONVICTION.

   Statutory amendment deleting the requirement that a justice of the peace serve a copy of his docket of convictions in motor vehicle or moving traffic violation cases on the county clerk, but retaining the provision that the copy served on the county clerk shall be a certificate of conviction, *held,* to have eliminated the former duplication of filing by which the county clerk received one copy of dockets in his capacity as county clerk and another copy in his capacity as clerk of the board of supervisors or board of auditors, the latter copy being made a certificate of conviction by the amendment (CL 1948, § 46.4; CLS 1961, § 47.6, and § 774.2[2], as amended by PA 1965, No 324).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  50 Am Jur, Statutes §§ 223, 294.
[2]  50 Am Jur, Statutes §§ 217, 354.
[3, 5]  42 Am Jur, Public Officers §§ 29, 62, 63, 69.
[4]  50 Am Jur, Statutes §§ 217, 276.
[6]  50 Am Jur, Statutes §§ 217, 276; 31 Am Jur, Justices of the Peace §§ 33, 35.
[7]  5 Am Jur 2d, Appeal and Error § 1009.

5. COUNTIES—COUNTY CLERK—BOARD OF COUNTY AUDITORS.

The county clerk is the clerk of the board of county auditors unless the board of supervisors appoints a secretary for the board of auditors (CLS 1961, § 47.6).

6. JUSTICES OF THE PEACE—CONSTRUCTION OF STATUTES—AMENDMENT —CERTIFICATES OF CONVICTIONS—FEES.

Justices of the peace who forwarded certificates of conviction to county clerk and then brought suit to recover the fee provided by statute for such service, after county boards of supervisors refused to authorize payment of the fee *held*, not entitled to the fee where (1) the statute initially requiring the certificate of conviction was replaced by another requiring that a copy of the justice's docket be served upon the county clerk and the board of auditors or board of supervisors if no board of auditors existed, and (2) the replacement statute was subsequently amended, deleting the requirement that a copy be served on the county clerk, but continuing the provision that the copy filed with the county clerk be a certificate of conviction, since the purpose of the amendment to the replacement statute was to delete the requirement that a separate certificate of conviction be filed with the county clerk who already receives one copy by reason of his office as clerk of the county board of supervisors or the board of auditors, because there can be no payment for services not authorized by law (PA 1965 No 324; CLS 1961, §§ 47.6; 774.2[2] 775.2; CL 1948, §§ 46.4, 774.29, 774.30, 775.1, 775.2, 775.6).

7. COSTS—PUBLIC QUESTION—JUSTICES OF THE PEACE—CERTIFICATE OF CONVICTION—FEES.

No costs are allowed in action by justices of the peace against their respective counties to recover fees for making certificates of convictions, a public question being involved (CL 1948, § 46.4; CLS 1961, § 47.6, and § 774.2[2], as amended by PA 1965, No 324).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 June 8, 1967, at Lansing. (Docket No. 3,063.) Decided December 4, 1967.

Complaint by George J. Hutter against Ingham County, its treasurer, and its comptroller, to compel payment to him for certificates of conviction filed by him, as justice of the peace, with the Ingham

county clerk. Intervention of attorney general as defendant allowed. Summary judgment for defendants. Plaintiff appeals. Affirmed.

Appeal from Benzie; Peterson (William R.), J. Submitted Division 2 June 8, 1967, at Lansing. (Docket No. 3,173.) Decided December 4, 1967.

Complaint by Leonard Case to compel payment to him by Benzie county for certificates of conviction filed by him, as justice of the peace, with the Benzie county clerk. Intervention of attorney general as defendant allowed. Summary judgment for plaintiff. Reversed.

Cases consolidated on appeal.

*Farhat, Burns, Treleaven & Luoma,* for plaintiff Hutter.

*Donald L. Reisig,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for defendant Ingham county.

*John B. Daugherty,* Prosecuting Attorney, for defendant Benzie county.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for intervening defendant, State of Michigan.

QUINN, J. On motion of intervening defendant, the above causes were consolidated on appeal since each presented the same issue. In each case, plaintiff is a duly elected, qualified, and acting justice of the peace, Justice Hutter in Ingham county and

Justice Case in Benzie county. By actions in their respective county circuit courts, each justice sought to recover an accumulation of 60 cent fees for preparation of certificates of conviction to be filed with their respective county clerks,[1] together with a declaratory judgment requiring payment of the fee for future preparation of such certificates. Judgment was against plaintiff in Ingham county and in favor of plaintiff in Benzie county.

From the agreed statements of facts, the following pertinent facts appear:

1. August 5, 1966, Justice Hutter submitted his monthly vouchers for payment of services as justice of the peace in connection with criminal cases in Ingham county from June 26, 1966, to July 25, 1966.[2] Included therein was his claim for preparation of 278 certificates of conviction to be filed with the county clerk at 60 cents each. August 2, 1966, Justice Case followed a similar procedure in Benzie county, and included in his claim were charges for 89 certificates of conviction. In each instance, the respective board of supervisors disallowed that part of the claim of each justice which covered charges for preparation of certificates of conviction to be filed with the county clerk.

2. The basis for the action of both boards of supervisors in disallowing the foregoing charges was PA 1965, No 324, effective March 31, 1966, which amended CLS 1961, § 774.2(2) (Stat Ann 1963 Cum Supp § 28.1193[2]), by deleting therefrom the requirement that a true copy of the docket be filed with the county clerk.[3] CLS 1961, § 775.2 (Stat Ann 1954

---

[1] CLS 1961, § 775.2 (Stat Ann 1954 Rev § 28.1239).

[2] CL 1948, § 775.6 (Stat Ann 1954 Rev § 28.1243).

[3] Prior to the effective date of PA 1965, No 324, § 774. 2(2), *supra*, read:

"Dockets shall be in such form that exact carbon copies can be made, and a true copy of the docket shall be filed on or before the last day of the month following the month in which the case was completed, with each of the following:

Rev § 28.1239), which establishes a fee of 60 cents for a certificate of conviction filed with the county clerk, has not been amended.

The question for decision is whether a justice of the peace is entitled to a 60 cent fee for preparing a certificate of conviction in view of the amendment to section 774.2(2), *supra,* by PA 1965, No 324.

We believe the application of 2 basic principles of statutory construction provides the answer to this question. First, in the interpretation of statutes, the intent of the legislature, if it can be ascertained from the language of the act, must control and legislative history may be considered. *Rapid Railway Company* v. *Michigan Public Utilities Commission* (1923), 225 Mich 425. Second, an amendatory act shall be construed in context with the act which it is designed to amend. *Fowler* v. *Board of Registration in Chiropody* (1965), 374 Mich 254.

Prior to 1957, justices of the peace were required to make a certificate of conviction, CL 1948, § 774.29 (Stat Ann 1954 Rev § 28.1221) and file the same with the county clerk, CL 1948, § 774.30 (Stat Ann 1954 Rev § 28.1222). By PA 1957, No 274, these 2 provisions were repealed and CLS 1961, § 774.2(2) as quoted in footnote 3, *supra,* was enacted. While it might be argued that under the language of section 774.2(2)(a) and (d), *supra,* a justice of the peace was still required to make a certificate of convic-

---

"(a)  The clerk of the county.

"(b)  The prosecuting attorney of the county.

"(c)  The board of auditors, or the board of supervisors of the county if no board of auditors exists.

"(d)  The secretary of State for all motor vehicle or traffic cases involving moving violations. The county clerk and the secretary of State shall receive only copies of dockets where the defendant was convicted. The copy filed with the county clerk shall be a certificate of conviction, and the copy filed with the secretary of State shall be an abstract of court and record of conviction."

By Act No 324, (2)(a), *supra,* was eliminated and (b) was renumbered (a), (c) was renumbered (b), and (d) was renumbered (c).

tion under Act No 274, the amendment provided in Act No 324, *supra*, eliminates any such possibility.

We reach this conclusion for the following reasons. Before and after the amendment found in Act No 324, CLS 1961, § 774.2(2) required dockets to be in such form that exact carbon copies can be made and a true copy of the docket served on the the board of supervisors (no board of auditors is involved here). By virtue of his office, the county clerk is the clerk of the board of supervisors (CL 1948, § 46.4 [Stat Ann 1961 Rev § 5.324]), and thus receives a true copy of all dockets. Act No 324 eliminated the duplication of filing that existed prior to the amendment, and by section 774.2(2)(c) of the amended act, the copy filed with the clerk becomes the certificate of conviction. On the facts here presented, neither justice was required to prepare a certificate of conviction.

While a board of auditors is not involved here, it should be noted that by the provisions of CLS 1961, § 47.6 (Stat Ann 1965 Cum Supp § 5.556), the county clerk is clerk of the board of auditors unless the board of supervisors appoints a secretary therefor, and the reasoning found in the preceding paragraph probably applies even if a board of auditors is involved.

CL 1948, § 775.1 (Stat Ann 1954 Rev § 28.1238) provides that the fees enumerated in CLS 1961, § 775.2 (Stat Ann 1965 Cum Supp § 28.1239) shall be allowed for the following services hereafter performed, in the cases authorized by law. Certificates of conviction are no longer authorized by law. Thus the 2 justices of the peace who filed them are volunteers and are not entitled to compensation therefor.

In case No. 3,063, the Ingham circuit court is affirmed and in case No. 3,173, the Benzie circuit court

is reversed, but without costs as a public question is involved.

LESINSKI, C. J., and BAUM, J., concurred.